EDWARD C. SCHNITZER v. WESTERN UNION TELEGRAPH COMPANY.

Submitted December 6, 1912—Decided March 1, 1913.

Losses incurred in speculative dealing in "differences" cannot legally be made the measure of damages in an action against a telegraph company for delay in delivery of a telegram from plaintiff's brokers.

On appeal from the East Orange. District Court.

Before Justices SWAYZE, VOORHEES and KALISCH.

For the plaintiff-appellant, *William A. Lord.*

For' the defendant-respondent, *Kinsley Twining* and *William K. Flanagan.*

The opinion of the court was delivered by

SWAYZE, J.    This is an action for damages for delay in the transmission of a telegram.    The plaintiff was speculating in cotton-seed oil.    The telegram was from his brokers with reference to the condition of the market.    The plaintiff's claim is that by reason of the delay in the delivery he did not buy until the next day when the price had gone up.    He testified that he had been trading on a margin of $2,600; that the purchase in question amounted to $27,352; that he would buy and sell and when he made it was credited and when he lost he put up more margin.    He also testified distinctly that he was dealing in differences.    The trial judge found that he was dealing in differences and that any loss in such dealings could not legally be made the measure of damages in this action.    We think that the trial judge was right and are unable to make the distinction which the plaintiff asks us to make between the enforcement of a contract as in *Flagg* v. *Baldwin,* 11 *Stew. Eq.* 219, and the allowance of damages for the breach of a contract as in the present case.    The ground upon which Flagg *v.* Baldwin was decided, was that the enforcement of a contract of this character would violate the plain public policy of this state.    That policy is violated quite as much when damages are allowed to be recovered as when the contract or securities given in connection therewith are enforced.    Ordinarily the only way in which contracts are enforced in a court of law is by an award of damages for their breach.    In justification of our result we need cite no other authority than those cited by the respondent in his brief. *Cothran* v. *Western Union Telegraph Co.,* 83 *Ga.* 25; *Kiley* v. *Western Union Telegraph Co.,* 39 *Hun* (*N. Y.*) 158; *Gist* v. *Western Union Telegraph Co.,* 45 *So. Car.* 344; *Morris* v.

*Western Union Telegraph Co.,* 94 *Me.* 423; *Weld* v. *Postal Telegraph Cable Co.,* 199 *N. Y.* 88. The last case is particularly important because it establishes that under the law of New York such contracts are illegal, even when the transactions are in another state.

The judgment is affirmed, with costs.